UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYRA MONES
                Plaintiff,

vs.                                                  CASE NO: 04-cv-295-FtM-29SPC

JO ANNE BARNHART,
Commissioner of Social Security,

                Defendant.
_____

**REPORT AND RECOMMENDATION**[1]

This matter comes before the Court on the Plaintiff, Mayra Mones' Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance and Supplemental Security Insurance (Doc. # 1) filed on February 4, 2000. The Plaintiff filed her Memorandum of Law in Opposition to the Commissioner's Decision (Doc. #9) on November 29, 2004. The Defendant filed a Memorandum of Law in Support of the Commissioner's Decision (Doc. #10) on December 29, 2004. Thus, this appeal is now ripe for determination.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1] This Report and Recommendation addresses only the issues brought up for review by the District Court pursuant to 28 U.S.C. § 405(g).

## **BACKGROUND**

### *Plaintiff's History*

The Plaintiff alleges a disability onset date of December 31, 1999, due to right eye blindness secondary to toxoplasmosis infection, hearing loss, depression, and asthma. (Tr. 18). The Plaintiff is a 41 year old female with two (2) years of college education and a past relevant work experience as a hotel clerk, file clerk, and bill collector. (Tr. 89-96). The Plaintiff's medical history, including detailed reports from her treating physicians, state appointed physician reviews of the Plaintiff's condition, transcripts, the ALJ's decision, and all other relevant information are set forth in the record.

### *Procedural History*

On February 4, 2000, the Plaintiff filed an application for Social Security Disability Insurance (SSDI) alleging a disability onset date of December 31, 1999. On June 6, 2000, the application was denied. (Tr. 48). The Plaintiff filed a Request for Reconsideration on July 31, 2000 (Tr. 52-53) which was denied on October 24, 2000. (Tr. 56-57). On November 1, 2000, the Plaintiff filed a Request for Hearing. (Tr. 58). A hearing was held before the Honorable Edward L. Kohler, Administrative Law Judge (ALJ) on November 15, 2001. (Tr. 371-410). The ALJ issued an unfavorable decision on March 28, 2002. (Tr. 14-24). The Plaintiff filed a Request for Review to the Appeals Council. (Tr. 12). On April 24, 2004, the Appeals Council denied her request for review making the ALJ's decision the final decision of the Commissioner. (Tr. 7). Pursuant to 42 U.S.C. § 405(g), the Plaintiff now seeks judicial review of the Commissioner's final decision.

### *Administrative Law Judge's Findings*

After consideration of the entire record, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability of December 31, 1999. (Tr. 23). He

found that the medical evidence established that the Plaintiff had an adjustment disorder with depressed mood, right eye blindness (secondary to toxoplasmosis), and correctable bilateral hearing loss, a combination of impairments considered "severe" under the Regulations. (Tr. 23). However, he determined that the Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found that the Plaintiff retained the residual functional capacity for a full range of light work. (Tr. 21). The ALJ further found that the Plaintiff was limited to work that involved such things as charts, files, and data, and requires no more than occasional interaction with people, bilateral visual acuity, or excellent hearing. (Tr. 21-22). Based upon the testimony of the vocational expert (VE), the ALJ determined that the Plaintiff was able to return to her past relevant work as a file clerk. (Tr. 23). In considering the VE's testimony, the ALJ concluded that as an alternative, the Plaintiff was capable of performing the job as a toll collector and factory worker. (Tr. 24). As a result, the Plaintiff was found to be not disabled under the Social Security Act. (Tr. 24).

## STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations[2]. 20 C.F.R. §§ 404.1520(a), 404.920(a).

---

[2] The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability. The steps are as follows:
    *Step 1*. Is the claimant engaged in substantial gainful activity? If the claimant is engaged in such activity, then he or she is not disabled. If not, then the ALJ must move on to the next question.
    *Step 2*. Does the claimant suffer from a severe impairment? If not, then the claimant is not disabled. If there is a severe impairment, the ALJ moves on to step three.
    *Step 3*. Does the claimant's impairment meet or equal one of the listed

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla-*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing* Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)).

The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; *accord*, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir 1992). (court must scrutinize the entire record to determine reasonableness of factual findings). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the Court would have reached a contrary result as finder of fact, and even if the Court finds that the evidence preponderates against the Commissioner's decision. Barnes v. Sullivan, 932 F.3d 1356, 1458 (11th Cir. 1991); Edwards v. Sullivan, 937 F.2d 580, 585 n.3 (11th Cir. 1991).

## **DISCUSSION**

When reviewing the final decision of the Commissioner, the court must evaluate: (1) whether the ALJ properly applied the five-step sequential evaluation found in 20 CFR § 404.1520 to determine whether or not the individual was disabled, and (2) whether the ALJ's decision was

---

impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, then the claimant is disabled. If not, the next question must be resolved.
    *Step 4*. Can the claimant perform his or her former work? If the claimant can perform his or her past relevant work, he or she is not disabled. If not, the ALJ must answer the last question.
    *Step 5*. Can he or she engage in other work of the sort found in the national economy? If so, then the claimant is not disabled. If the claimant cannot engage in other work, then he or she is disabled. See 20 C.F.R. §§404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995)(per curiam).

supported by substantial evidence. Foote, 67 F.3d at 1560. In this case, it is uncontested that the ALJ followed the five step sequential evaluation found in 20 CFR § 404.1520. The Court must now review whether or not the ALJ's decision was supported by substantial evidence.

The Plaintiff argues that the ALJ failed to support his decision with substantial evidence because he erred by not considering all of the Plaintiff's impairments in combination when determining she could return to her past employment and further the ALJ erred by not including all of the Plaintiff's impairments in his hypothetical question submitted to the vocational expert.

### *(1) Whether the ALJ Erred by not Considering All of the Plaintiff's Impairments in Combination When Determining the Plaintiff Could Return to Her Past Employment*

In reviewing the ALJ's assessment of the Plaintiff's RFC, the court "may not decide the facts anew, reweigh the evidence, or substitute it's judgment for that of the [Commissioner]." Bloodsworth, 703 F.2d at 1239. If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997). The ALJ is required to determine the plaintiff's residual functional capacity (RFC) and based on that determination, decide whether the plaintiff is able to return to his/her previous work. McCruter v. Bowen, 791 F.2d 11544, 1547 (11th Cir. 1986). The ALJ must base the RFC assessment upon all of the relevant evidence of the Plaintiff's remaining ability to do work notwithstanding her impairments. Benjamin v. Apfel, 2000 WL 1375287 (S.D. Ala. 2000) (*citing* Wolfe v. Chater, 86 F.3d 1072, 1079 (11th Cir. 1996) (*citing* Lewis v. Callahan, 125 F.3d 1436, 1440) (11th Cir. 1997); 20 C.F.R. § 404.1546; 20 C.F.R. § 404.1527.

The Plaintiff argues that the ALJ failed to consider the combined effect of the Plaintiff's impairments because he determined that she was capable of performing her past relevant work. The

ALJ determined that the Plaintiff's impairments either individually or in combination did not meet the listed impairments found in Appendix 1, Subpart P, Regulations No. 4.

The listings of impairments for each of the major body systems describes impairments which are considered severe enough to prevent a person from doing any gainful activity. Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). To meet a listing, a plaintiff must have a diagnosis included in the Listings, and must provide medical reports documenting that the conditions meet the specific criteria of the Listing and the duration requirement. Id. (citing 20 C.F.R. § 404.1525(a)-(d)). If the plaintiff has more than one impairment, and none of the impairments meets or equals a listed impairment, the ALJ reviews the impairment's symptoms, signs, and laboratory findings, to determine whether the combination is medically equal to any listed impairment. Wilson, 284 F. 3d at 1224.

In his decision, the ALJ specifically stated that he reviewed the Plaintiff's impairments under the appropriate sections and concluded that the impairments whether considered individually or in combination, did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4 (20 C.F.R. §§ 404.1520(d) and 416.920(d)). (Tr. 20). The language used by the ALJ in his decision constitutes evidence that he considered the combined effects of the Plaintiff's impairments on her ability to return to her former employment. (Tr. 20). Furthermore, the ALJ's statements that he considered the impairments in combination are sufficient for the Court to conclude that the ALJ considered the combined impairments in making his determination that the Plaintiff could return to her past relevant employment. Wilson, 284 F.3d at 1224 (citing Jones v. Dept. of Health and Human Services, 941 F.2d 1529, 1553 (11th Cir. 1991).

Upon a review of the record, the ALJ concluded that the Plaintiff's subjective complaints

6

were not fully credible to the extent that she is unable to perform all work activity. (Tr. 21). Specifically the ALJ pointed to discrepancies between the Plaintiff's assessment and her reported daily activities. In her testimony, the Plaintiff explained that she attends two classes at a time, records classroom lectures to aid her hearing loss, worked with other classmates to obtain notes, takes test alone she reads the test and responds with answers. (Tr. 388-389). The Plaintiff holds a valid driver's license without restrictions and sometimes drives her sister's vehicle, she shops, performs daily housekeeping duties and also works with computers. (Tr. 395-396).

In his decision, the ALJ reviewed the testimony of Dr. Richard Braunstein, M.D., who indicated that the Plaintiff had normal 20/20 vision in the left eye and the right eye was 20/200. He noted that the Plaintiff had not experienced another episode of toxoplasmosis infection but did not opine as to the Plaintiff's disability status. (Tr. 176).

The ALJ considered the autonomic evaluation submitted by Dr. Wade Lookenott of the Miracle Ear Center. (Tr. 19). On March 13, 2000, Dr. Lookenott stated that he evaluated the Plaintiff's hearing on October 23, 1999. (Tr. 284). Both air conduction and bone conduction testing revealed that the Plaintiff suffers from Bilateral Asymmetrical Sensorineural hearing (Tr. 284). Dr. Lookenott stated that hearing loss could restrict her communication abilities and that the Plaintiff would benefit from working in an environment with some type of assistive listening equipment. (Tr. 284). However, he stated that he knew nothing of any physical disorders or injuries to any part of her body that could keep her from working. (Tr. 284).

The ALJ also considered the Plaintiff's Physical RFC performed by state agency non examining physician, Dr. Murthy Ravipati on October 19, 2000. (Tr. 335-342). Dr. Ravipati indicated that there were no exertional, postural or visual limitations noted. (Tr. 336-338). With

regard to the Plaintiff's hearing, Dr. Ravipati noted some limitation. (Tr. 339). The ALJ stated that he agreed with Dr. Ravipati only to the extent that Dr. Ravipati concluded that the Plaintiff is capable of some work activity. (Tr. 21).

On January 8, 2002, the Plaintiff presented to Dr. Richard J. Lane of the Ear, Nose and Throat Specialists of Florida. (Tr. 361). Audiologic testing performed by Dr. Lane revealed moderate to profound sensorineural loss in the left ear and moderately severe to profound sensorineural loss in the right ear. (Tr. 361). Speech recognition scores were poor in both ears. (Tr. 361). Dr. Lane opined that the Plaintiff would benefit from hearing amplification. (Tr. 361, 363).

Erica Mitchinson, an audiologist who treated the Plaintiff, stated that the Plaintiff's current hearing aid was not as beneficial to the Plaintiff and recommended an amplification device that would be better suited for the classroom setting. (Tr. 343). Mitchinson noted that the Plaintiff did not approve of this recommendation due to her denial issues and preferred the completely in the canal type hearing aid. (Tr. 343, 361, 363-364).

The ALJ took note that the Plaintiff has functioned for many years with her hearing and visual limitations and that with proper hearing aides the Plaintiff would have significant improvement in her hearing. (Tr. 22). However, the record establishes that the Plaintiff has refused to accept the proper hearing aids required to improve her hearing ability. (Tr. 343). The Eleventh Circuit has consistently held that failure to follow a treatment regimen without good reason will preclude a finding of disability. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003).

With regard to the Plaintiff's Mental RFC, the ALJ considered the opinion of Dr. Eve Leeman, M.D. (Tr. 19). In a letter dated May 7, 2000, Dr. Leeman stated that the Plaintiff was under her care from September 18, 1997, through February 26, 1998, complaining of depressed mood, with

ruminatory thoughts, low energy, worry and diminished hope which she attributed to the possible worsening of her hearing. (Tr. 286). Dr. Leeman opined that the Plaintiff responded well initially to supportive psychotherapy. (Tr. 286). As of her last treatment in February of 1998, Dr. Leeman stated that the Plaintiff was feeling well and that her depression appeared to be in remission. (Tr. 286).

Another consultative examination was performed by Dr. Louis P. Garzetta, Ph.D. who conducted several intelligence tests on the Plaintiff. (311-315). Dr. Garzetta concluded that the Plaintiff functioned at a low level of average intelligence and was better at nonverbal problem solving than at verbal problem solving, (Tr. 315). Upon examination, Dr. Garzetta found the Plaintiff alert, correctly oriented, and that her perceptual functioning was intact. (Tr. 313). The ALJ noted that Dr. Garzetta diagnosed the Plaintiff with general anxiety disorder and boderline personality disorder. (Tr. 19-20).

There were also two other (2) RFC's in the record completed by state consultative physicians regarding the Plaintiff's condition which found that the Plaintiff has only a moderate limitation to social functioning and concentration that would only slightly restrict her daily activities and that based upon the totality of the evidence, including recent psychological testing, the Plaintiff does not reflect markedly impaired functioning. (Tr. 297, 333).

The ALJ also considered but rejected the finding of Dr. Joseph J. White, Ph.D. (Tr. 21). As noted by the ALJ, Dr. White, a one-time examiner, found that the Plaintiff had poor insight, attention and concentration and inadequate short-term memory and concluded that the Plaintiff's depression is a barrier to her overall functioning. (Tr. 21). In contrast to his opinion, Dr. White noted that the Plaintiff manages her own funds, goes to her appointments, does household chores until a bedtime

of 1:00 am., cooks, eats and has a good appetite. (Tr. 288). The ALJ also pointed out that at the hearing, the Plaintiff appeared dressed appropriately with good personal hygiene. He also noted that based upon her testimony and the record that the Plaintiff demonstrated the ability to carry out instructions, including participate in college classes and had the ability to complete college work. (Tr. 21, 288). Thus, the ALJ discounted Dr. White's opinion, stating that the medical evidence did not support his findings. Holly v. Chater, 931 F. Supp. 840, 848 (11th Cir. 1996).

The ALJ's decision that the Plaintiff was capable of light work was based upon a complete review of all the Plaintiff's impairments individually, and in combination, and supported by the substantial medical evidence in the record.[3] (Tr. 21). Since the ALJ's decision was amply supported by substantial evidence, the Court will not disturb his decision. Lewis, 125 F. 3d at 1440.

### (2) Whether the ALJ Properly Considered the Plaintiff's Impairments in Combination in Posing the Hypothetical Question to the Vocational Expert

Even though he was not required to pose a hypothetical question to a vocational expert (VE) since he had determined that the Plaintiff could return to her past relevant work, the ALJ called upon a VE, Dr. Joyce P. Ryan. Smitherman vs. Massanari, 149 F. Supp. 1303 (11th Cir. 2001) (*citing* Lucas v. Sullivan 918 F.2d. 1567, 1573 n.2 (11th Cir. 1990)). The Plaintiff argues that the ALJ erred because he did not consider the Plaintiff's depressed moods or adjustment disorder when he posed the hypothetical question to the VE.

When the ALJ uses a VE, the ALJ will pose a hypothetical question to the VE to determine

---

[3] Light work consists of lifting no more than 20 pounds with lifting or carrying up to 10 pounds. The full range of light work requires standing or walking, off and on, for six (6) hours of an eight (8) hour day. (Tr. 21). Sitting may occur intermittently during the remaining time. Occasional stooping is required as well as some push/pull arm-hand or leg-foot movement. (Tr. 21).

whether someone with the limitations that the ALJ has previously determined the claimant has will be able to secure employment in the national economy. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). In order for the VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Id. Not withstanding the foregoing standard, an ALJ is not required to include in the hypothetical question references to limitations that are not supported by the record or are not found to be "severe". Loveless vs. Massanari, 136 F.Supp.2d 1245 (11th Cir. 2001) (*citing* Pendley v. Hecker, 767 F.2d 1561, 1563 (11th Cir. 1985)); Jones v. Apfel, 190 F.3d 1224, 1129 (11th Cir. 1999).

The ALJ points to the Plaintiff's own testimony where she testified that she felt nervous, frustrated, and experienced back pain. (Tr. 391). However, the ALJ determined that the medical record did not support the Plaintiff's claims and he found that the Plaintiff's mental capabilities were improving, that the Plaintiff interacted on a regular basis with others, that she had no more than mild restrictions on her daily activities, and that her claims of disabling pain were simply not credible. (Tr. 17). Thus, the ALJ was not required to include the Plaintiff's unsupported claims of depressed mood and adjustment disorder in the hypothetical question. Jones, 190 F.3d at 1229.

The ALJ posed the following hypothetical questions to the vocational expert:

> If I were to assume the Claimant had a hearing impairment which would range from 84, hearing 84% of the words spoken in the right ear, 80 in the left, to what extent would that affect the work she's done in the past? (Tr. 404). Assume the Claimant has a visual problem, or someone like the Claimant. They are capable of driving an automobile without restriction. Would that impact on any of the jobs? Assuming that the problem involved the right eye and it was the vision of 20/200, I assume that would impact those jobs? What if I were to change that vision to 20/70, how would that effect your answer? If I were to find evidence of an eye problem in which an individual such as the Claimant, age, education and past work experience had limitations regarding eyesight where she could work on a computer and read the screen and read other documentation for say 20 minutes and then would have to do

something else because of blurred vision, how would that impact those jobs? (Tr. 405).

The ALJ probed further by directing the VE's attention to Dr. Garzetta's report. The ALJ asked the VE how Dr. Garzetta's findings are significant from a vocational standpoint. (Tr. 405).

The VE testified that the Plaintiff's hearing and visual limitations did impact the Plaintiff's ability to perform certain clerical positions involving interpersonal contact with customers and paperwork to a limited extent. (Tr. 404-405). As a result, considering the requirements of the Plaintiff's past employment, the Plaintiff was found capable of performing the duties of her past relevant work. (Tr. 23). Additionally, the VE testified that the Plaintiff was capable of performing jobs that entail things and data as opposed to people and data exclusively such as a file clerk, factory worker, assembler, or toll booth collector. (Tr. 22, 406).

Having reviewed the record, the Court finds that the ALJ's hypothetical questions posed to the VE were proper, they included the impairments that the ALJ had previously determined were severe and supported by substantial evidence. Thus, the question was sufficiently comprehensive, and the testimony elicited was proper. Consequently the Plaintiff's argument lacks merit.

Based upon the reasons above, the Court finds that the ALJ applied the correct legal standard and the decision was based upon substantial evidence such that the evidence would be accepted by a reasonable person in support of the decision.

Accordingly, it is now respectfully

**RECOMMENDED**:

The decision of the Administrative Law Judge be **AFFIRMED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  6th  day of April, 2005

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record
MJCD